UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ACUNA, Plaintiff, v. COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, DEPUTY OCHOA, DEPUTY SOLANO, DEPUTY KENA, and DOES 1–25, Defendants. | Case No.: 26-CV-798 TWR (MMP) **ORDER (1) DISCHARGING JULY 13, 2026 ORDER TO SHOW CAUSE, (2) EXTENDING SERVICE DEADLINE, AND (3) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* FOR PURPOSES OF U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIC. P. 4(c)(3)** (ECF Nos. 10, 11) |

On May 20, 2026, the Court denied Plaintiff Jorge Acuna's initial motion to proceed *in forma pauperis* ("IFP"), which had been filed on February 9, 2026, on the grounds that he had failed to demonstrate at that time that he could not pay the $405 filing fee and afford the necessities of life. (*See* ECF No. 6 at 2–3.) Plaintiff then paid the filing fee on June 22, 2026. (*See* ECF No. 7.) On July 13, 2026, the Court ordered Plaintiff Jorge Acuna to show cause why this action should not be dismissed for failure timely to effect service pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 4.1(b). (*See generally* ECF No. 9 ("OSC").) In response to the Court's July 13, 2026 Order to Show Cause, Plaintiff

filed the instant Response to Order to Show Cause and Motion for Extension of Time to Effect Service ("Mot. to Extend," ECF No. 10) and a second Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("IFP Mot.," ECF No. 11), which the Court addresses in turn.

In his Motion to Extend, Plaintiff explains that he "has continued attempting to preserve and prosecute this action under extremely difficult financial and personal circumstances," (Mot. to Extend at 1), which have prevented him from timely serving Defendants. (*See id.* at 3.) Good cause appearing, the Court **DISCHARGES** its July 13, 2026 Order to Show Cause, (ECF No. 9), **GRANTS** Plaintiff's Motion to Extend (ECF No. 10), and **EXTENDS** Plaintiff's deadline to effect service of process as detailed below.

With respect to Plaintiff's IFP Motion, because Plaintiff has already paid the civil filing required to commence this action, (*see* ECF No. 7), but has yet to serve any Defendant, the Court construes Plaintiff's IFP Motion as one seeking IFP status for purposes of U.S. Marshal service only. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Although Plaintiff paid the initial $405 civil and administrative filing fee after the Court denied his prior motion to proceed IFP, he may still be eligible to proceed IFP. While a request to proceed IFP is almost always filed at the onset of the case, it need not necessarily be filed at any particular time, and may be initiated at any stage of a proceeding, since a person who is not indigent when he first files a suit may become so during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom. Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court finds that Plaintiff's renewed IFP Motion—which now demonstrates that his monthly expenses of $3,195 exceed his monthly income of approximately $1,000, (*see*

*id.* at 1–2, 4–5)—is sufficient to demonstrate that, since the commencement of this action, he has become financially unable to execute service upon the Defendants on his own behalf and timely to pursue the prosecution of this case. The Court therefore **GRANTS** Plaintiff's IFP Motion (ECF No. 11) pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3) for purposes of U.S. Marshal service only and **ORDERS** as follows:

1. The Clerk **SHALL RE-ISSUE** a summons as to Plaintiff's First Amended Complaint for Civil Rights Violations (42 U.S.C. § 1983) ("FAC," ECF No. 5) upon Defendants County of San Diego, San Diego County Sheriff's Department, Deputy Ochoa, Deputy Solano, and Deputy Kena and **SHALL FORWARD** it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk **SHALL PROVIDE** Plaintiff with a certified copy of this Order, a certified copy of his First Amended Complaint, and the re-issued summons so that he may serve them upon these five named Defendants.

2. Upon receipt of this "IFP Package," Plaintiff **SHALL COMPLETE** the Form 285s as completely and accurately as possible; **SHALL INCLUDE** an address where each Defendant may be served, *see* S.D. Cal. CivLR 4.1.c; and **SHALL RETURN** them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package, **no later than forty-five (45) days after the date of this Order**. *Should Plaintiff fail timely to return the Form 285s to the U.S. Marshal, the Court may dismiss this action without prejudice for failure timely to effect service of process.*

3. The U.S. Marshal or deputy marshal **SHALL SERVE** a copy of the First Amended Complaint and summons upon Defendants County of San Diego, San Diego County Sheriff's Department, Deputy Ochoa, Deputy Solano, and Deputy Kena as directed by Plaintiff on the USM Form 285s provided to him **within fifteen (15) days of receiving them from Plaintiff**. As soon as practicable thereafter, the U.S. Marshal or deputy marshal **SHALL FILE** proof of that service, or proof of his or her inability to execute service, with the Clerk of the Court. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Defendants County of San Diego, San Diego County Sheriff's Department, Deputy Ochoa, Deputy Solano, and Deputy Kena, once served, **SHALL RESPOND** to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5. After service has been effected by the U.S. Marshal, Plaintiff **SHALL SERVE** upon Defendants County of San Diego, San Diego County Sheriff's Department, Deputy Ochoa, Deputy Solano, and Deputy Kena, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff **MUST INCLUDE** with every original document he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel and the date of that service. *See* S.D. Cal. CivLR 5.2. *Any document received by the Court that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon the Defendants may be disregarded.*

**IT IS SO ORDERED.**

Dated: August 3, 2026

Honorable Todd W. Robinson
United States District Judge